UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LUCK McGEE HARRIS, a/k/a
Larry Schumacher,

                    Petitioner,

-against-

STATE OF NEW JERSEY SUPERIOR
COURT, CAPE MAY,

                    Respondent.
----------------------------------------X

**TRANSFER ORDER**

05-CV-3392 (SJ)

JOHNSON, Senior District Judge:

Petitioner, currently incarcerated in New Jersey and proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he was sentenced in New Jersey Superior Court, Cape May County, on April 15, 2005. Pet. at 1, 4. Petitioner claims that the sentencing court failed to properly credit him for his jail time served and that his sentence was excessive. Id. at 1-5.

Petiotioner has filed this action in the wrong court. Factors to be considered in determining the appropriate venue for a § 2241 petition include (1) where the material events at issue took place, (2) where records and witnesses relevant to petitioner's claim are to be found, and (3) the convenience of the forum for both petitioner and respondent. See Henderson v. INS, 157 F.3d 106, 128 n.25 (2d Cir. 1998) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973)); 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

In 1995, petitioner was charged in this Court with tax fraud. Petitioner pled guilty and was sentenced on February 18, 2005 to time served and two years supervised release. See United States v. Allah, No. 95-CR-0439 (SJ). Petitioner alleges that he has filed the instant petition in this Court because it "last had jurisdiction over the petitioner." Id. at 1. The instant petition, however, should have been

filed in the United States District Court for the District of New Jersey. See Bellomo v. United States, 297 F. Supp. 2d 494, 501 (E.D.N.Y. 2003) (§ 2241 petition transferred to district where prisoner was convicted and sentenced).

Accordingly, the action should be and hereby is transferred to the United States District Court for the District of New Jersey. Local Civil Rule 83.3. The Clerk of this Court is directed to transfer this case to the United States District Court for the District of New Jersey. A ruling on petitioner's application to proceed *in forma pauperis* is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

SO ORDERED

s/SJ
_____
STERLING JOHNSON, JR.
Senior United State District Judge

Aug. 29, 2005
Dated: Brooklyn, New York